UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC-SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC#:                            │
│ DATE FILED:        8-12-20       │
└─────────────────────────────────┘
```

NATHANIEL OSADOLOR OSADOLOR,

                              Petitioner,

         v.                                             20-CV-6131 (RA)

CHAD WOLF; JAMES MCHENRY; THOMAS                        <u>ORDER</u>
DECKER; STEVEN AHRENDT; DHS,

                              Respondents.

RONNIE ABRAMS, United States District Judge:

Petitioner, currently detained in the Bergen County Jail, in Bergen County, New Jersey, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, challenging his immigration detention and seeking an emergency preliminary injunction or temporary restraining order directing his immediate release. Dkt. 1–2. For the following reasons, the Court transfers this petition to the United States District Court for the District of New Jersey.

A court may only entertain a *habeas corpus* petition under 28 U.S.C. § 2241 if the petition is within its jurisdiction. *See* 28 U.S.C. § 2241(a). In the habeas context, jurisdiction depends on the location of the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). In *Padilla*, the Court established as a "default rule" that in habeas cases challenging physical confinement, the proper respondent is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." 542 U.S. at 535. This rule is known as the "immediate custodian rule." *S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 406 (S.D.N.Y. 2018).

The *Padilla* Court left open the question of whether the immediate custodian rule applies to habeas petitions brought by detained aliens awaiting deportation. *See Padilla*, 542 U.S. at 435 n.8. Nonetheless, "[a] clear majority of district courts sitting in this Circuit have applied the immediate

custodian rule to habeas petitions filed by incarcerated aliens challenging their physical detention prior to deportation." *Zhen Yi Guo v. Napolitano*, 2009 WL 2840400, at *3 (S.D.N.Y. 2009). Absent contrary instruction from the Supreme Court, this Court will continue to apply the default rule, and will apply it here.

Petitioner is currently detained in the Bergen County Jail in Bergen County, New Jersey, which is located in the judicial district of the United States District Court for the District of New Jersey. Under the immediate custodian rule, this Court does not have jurisdiction to entertain this petition. Therefore, in the interest of justice, this Court transfers this petition to the District of New Jersey. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. The Clerk of Court is further directed to mail a copy of this order to Petitioner and note service on the docket. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    August 12, 2020
          New York, New York

RONNIE ABRAMS
United States District Judge